### Application of SEAVEY.
### Patent Appeal No. 5182.

Court of Customs and Patent Appeals.
June 11, 1946.

Rehearing Denied July 9, 1946.

John H. Sutherland, of St. Louis, Mo. (Richard G. Radue, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Pasquale J. Federico, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1, 2, 3, and 6 to 10, inclusive, in appellant's application for a patent for an invention relating to electric detonators, particularly those employed "for initiating the explosion" of explosives in blasting operations.

Claims 11 and 19 were allowed by the Primary Examiner.

At the time of the oral arguments in this court, counsel for appellant moved to dis-miss the appeal as to claim 6. The motion will be granted.

Claims 8 and 10 were rejected as being drawn to non-elected species and, therefore, need not be considered here on their merits.

Claim 1, which is a generic claim, and claim 9, which is drawn to an elected species, are sufficiently illustrative of the claims here on appeal. They read:

"1. A rigid detonator shell composed of molded organic plastic having an impact strength of at least 0.75 foot pounds."

"9. A rigid detonator having a shell composed of plasticized ethyl cellulose, and a plug for said shell composed of polystyrene; said plug sealing the shell and being intimately bonded therewith."

The Primary Examiner relied upon the following references:

Mowbray, 139,686, June 10, 1873;

Paulus, 323,524, Aug. 4, 1885;

Ward et al., 459,321, Sept. 8, 1891;

Mellersh-Jackson (Br.), 17,443, of 1915;

Eschbach et al. (Br.), 310,364, Apr. 22, 1930;

von Herz (Br.), 382,247, Oct. 20, 1932.

The appealed claims were rejected by the Primary Examiner on the patents to Mowbray and von Herz, and claim 9 was further rejected on the patent to von Herz in view of the patent to Mowbray. The other references of record were cited against claim 6, which is not now before us, and claim 21, which was not included in appellant's reasons of appeal. Accordingly, the only references which need be considered here are the patents to Mowbray and von Herz.

Appellant's detonator comprises a hollow cylindrical shell of molded organic plastic material, having, as stated in claim 1, "an impact strength of at least 0.75 foot pounds," and containing an explosive charge. The open end of the shell is closed by a plug of molded plastic material, such as polystyrene, called for in quoted claim 9. The plug carries an electric ignition device for igniting the charge, and also the necessary wires for conducting current to the ignition device. The plug and shell are intimately bonded together by a volatile

solvent. It is stated in appellant's application that a great variety of moldable plastic materials are suitable for making the shell and the plug.

The patent to Mowbray relates to improvements in electric fuses, and discloses a detonator comprising a composite shell having an inner copper lining and an outer coating of gutta-percha, the gutta-percha coating being molded over the copper lining. The open end of the shell is closed by a plug of gutta-percha which carries the ignition device and the necessary wires therefor. The plug and shell are cemented together by a suitable solution of gutta-percha, thus forming an intimate bond between the shell and the gutta-percha plug.

The patent to von Herz relates to detonating cap casings, and discloses a detonating cap casing composed, according to the patentee, of "vulcanised fibre," which "is made by subjecting cellulose which has been swollen and partially dissolved by means of zinc chloride or other substances to the action of high pressure and heat." The patentee states that—

"A particular advantage of using vulcanised fibre is that the attachment to the fuses of the detonating caps made therefrom may be effected in precisely the same way as in the case of metal casings, i.e. *by contracting or pinching with pincers or the usual apparatus * * *,* [and that] the casing of vulcanised fibre maintains the shape given to it by the profile of the pincers, in spite of the counteracting elasticity of the fuse, and so a union is ensured the strength and certainty of which undergoes no change even after months." (Italics not quoted.)

The patentee further states that—

"Even the most diverse artificial substances like celluloid, cellon, artificial resins, etc., have been tried as material for the casings. These attempts, however, have not met with any success, on the one hand owing to the deficient strength of most of these substances, which latter therefore do not provide the sensitive igniting charge with sufficient protection against compression * * *."

In rejecting the appealed claims, the Primary Examiner stated that they were unpatentable over the patent to Mowbray, owing to the fact that the patentee discloses the molding of an organic plastic material such as gutta-percha, over a copper lining; that there would be no invention in omitting the lining if it were desired to do so; and that, furthermore, as the properties of various plastics, including their impact strength, were well known, it would not involve invention to select an organic plastic material having an impact strength of at least 0.75 foot pounds to be used in making a rigid detonator shell. The examiner also rejected the appealed claims on the patent to von Herz, stating that the patentee discloses that detonator shells have been made of celluloid, cellon, and artificial resins and that, although the patentee stated that such materials had been found deficient in strength, it would not involve invention for one skilled in the art to select a moldable organic plastic material which had an impact strength of at least 0.75 foot pounds, as called for by appealed claims 1, 2, and 3.

Claim 9, which calls for the intimate bonding of the plastic shell and plastic plug for the detonator, was rejected by the Primary Examiner on the disclosure in the patent to von Herz in view of the disclosure in the patent to Mowbry, the examiner stating that the patent to Mowbray discloses the "intimate bonding of a plastic shell and plastic plug," and that there would be no invention in "bonding plastics together to make sealed joints."

In affirming the decision of the Primary Examiner, the Board of Appeals stated that the patent to von Herz was the most pertinent reference; that the patentee referred to the advantages in using organic "vulcanised fibre," which, the board stated, could be "molded to the fuse"; that it did not regard the impact strength of appellant's detonator shell of at least 0.75 foot pounds as critical; and that the determination of such strength was the "result of routine investigation."

Although it is alleged in the brief of counsel for appellant that the impact strength of at least 0.75 foot pounds, called for by appealed claims 1, 2, and 3, is criti-

cal, there is nothing whatsoever in the record to indicate that that is a fact. Obviously, in using plastics, it was necessary for appellant to experiment in order to ascertain the impact strength necessary for a detonator shell.

It is contended by counsel for appellant that the board erred in holding that the "vulcanised fibre," disclosed in the patent to von Herz, is a moldable material within the meaning of that term as used in appellant's application. In support of his argument, counsel cites "Ellis, The Chemistry of Synthetic Resins, 1935 Edition, p. 1294."

Whether the "vulcanised fibre," which the patentee von Herz used as a material in making his detonating cap casing, is a moldable material in the sense that organic plastic material may be molded need not be decided here. Although the patentee states, as hereinbefore noted, that artificial resins (organic plastics) have been used as material for making detonator casings, he further states that the use of such resins was not successful, owing to the fact that they did not possess sufficient strength. However, there is a clear suggestion in the patent that if a plastic material of sufficient strength could be discovered, it would be a suitable material to be used in making detonator shells. See In re Smith, 148 F.2d 351, 32 C.C.P.A., Patents, 959.

We are of opinion that, although the patentee von Herz had not discovered an organic plastic material which possessed sufficient rigidity and strength to make it suitable for use in making detonator shells, the discovery of an organic plastic material having the necessary characteristics would, as stated by the board, in view of the disclosure in the von Herz patent, be a mere routine investigation and would not involve invention. We are confirmed in this view by the Primary Examiner's statement to the Board of Appeals that the properties of various organic plastics, including their impact strength, were well known in the art prior to the filing of appellant's application, which statement of the examiner is not questioned here by counsel for appellant.

Claim 9, which calls for a plug, composed of an organic plastic material (polystyrene), sealing the shell and being intimately bonded therewith, was properly rejected by the Primary Examiner on the disclosure in the patent to von Herz in view of the disclosure in the patent to Mowbray.

The appeal is dismissed as to claim 6.

As no generic claim has been allowed, claims 8 and 10, which were drawn to nonelected species, were properly rejected in the involved application.

For the reasons stated, the decision of the Board of Appeals, affirming the decision of the Primary Examiner rejecting claims 1, 2, 3, 7, and 9 on the references of record, is affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.